Christopher R. Kaup, State Bar No. 014820
Laura L. Wochner, State Bar No. 032214

**TB TIFFANY & BOSCO**
P.A.

Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; llw@tblaw.com
*Attorneys for Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 11 |
| CLEAR ENERGY SYSTEMS, INC., | 2:14-BK-12716-BKM |
| Debtor. | **TRUSTEE'S MOTION TO APPROVE FINANCING, PURSUANT TO SECTION 364(b) & (c)** |

Chapter 11 Trustee David Tiffany ("Trustee") respectfully requests that this Court enter an Order authorizing him to obtain postpetition financing on an administrative priority basis, pursuant to Section 364(b), and a junior secured basis on all of the assets of the estate, including certain patents, pursuant to 11 U.S.C. §364(c).

The proposed financing is necessary to permit the Trustee to pay rent to the Debtor's landlord and continue to occupy the property leased by the Debtor until the Trustee can complete an auction of the Debtor's assets in late March, 2016. This Motion is more fully supported by the attached Memorandum of Points and Authorities, and the Declaration of the "Tiffany Declaration").

RESPECTFULLY SUBMITTED this 2nd day of March, 2016.

**TIFFANY & BOSCO, P.A.**

By: /s/ Christopher R. Kaup
    Christopher R. Kaup, Esq.
    Laura Wochner, Esq.
    Seventh Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016
    *Attorneys for the Trustee*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTUAL BACKGROUND.**

On August 15, 2014, Clear Energy Systems, Inc. ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Following this Court's Order on December 16, 2015, the United States Trustee of the District of Arizona selected David Tiffany ("**Trustee**") for appointment as Trustee with full powers as set forth in the Order. *See* Docket Entry #256.

On December 23, 2015, this Court entered the *Order Approving Appointment of Trustee (David Tiffany)* approving the selection of David Tiffany as Chapter 11 Trustee in this matter. *See* Docket Entry #260. The Estate has no funds and no income or possibility of income from any source. The Trustee has consulted with several creditors and parties in interest regarding the Debtor, its assets, the liens against its property, its lease and possibilities for financing from different sources. As a result of those discussions, the Trustee has concluded it is in the best interest of the Estate to conduct an auction of all the assets of the estate.

However, the most recent extension of the Debtor's lease of its business premises located at located at 1245 W. Geneva, Tempe, AZ (the "Premises") with DCT-AZ 2004 RN Portfolio U, LLC (the "Lessor") expired at the end of January, 2016. The Trustee has reached an agreement with Lessor for a short extension of the lease which will allow the Trustee to continue to occupy

the Premises until he can complete an auction. However, the Trustee does not have the ability to pay rent to Lessor and pay for other necessary operational expenses such as utilities during this short period of time.

The Trustee diligently looked for but was unable to find other locations to store the Debtor's assets pending that auction. The Trustee also did not and does not have the money necessary to pay a moving company to move the large pieces of equipment and other personalty located in the Premises. Counsel for the Trustee and counsel for Tony Carmen, a former officer of the Debtor and a creditor, had discussions about Mr. Carmen paying for the move and storage of all the property of the estate. However, it was determined that there was not an adequate alternative facility to store the assets and disassembling the equipment and moving it for a short period was not feasible. Finally, the Auctioneer, George Cunningham, expressed the opinion that the Trustee would maximize the return from the auction if the assets remained at the Premises, buyers could view them in place and the auction is conducted at the Premises.

The only source for the funds necessary to pay the rent of the Premises for February and March, 2016, and to pay the other necessary operating expenses located by the Trustee is Mr. Jack Rasor. Mr. Rasor is an officer and shareholder of the Debtor who is one of the persons who provided financing to the Debtor postpetition. Mr. Rasor was only willing to loan money to the Estate for these purposes on the terms and conditions set forth in the Term Sheet attached as Exhibit "1". If the Court does not approve the proposed transaction with Mr. Rasor, the landlord can exercise its rights to lock out the Debtor and Trustee and the secured creditors, the Arizona Commerce Authority and the Trustee for certain bondholder will foreclose on the assets. As a result, the Trustee believes that the proposed financing from Mr. Rasor is in the best interest of the Estate.

## II. THE NATURE AND TERMS OF THE PROPOSED FINANCING.

The Trustee seek to borrow only enough funds to occupy the Premises and pay the necessary cost of operation until April 30, 2016. The Term Sheet for the proposed financing is attached hereto as Exhibit "1". The essential deal terms are as follows:

| | |
|---|---|
| **Origination Fee**: | 0.0 points. |
| **Interest Rate**: | 0.0% per annum. |
| **Term of Repayment**: | If and when cash proceeds from the sale of assets are available. The sale of assets is to be free and clear of all liens including the liens to be obtained by Mr. Rasor. |
| **Payment Terms:** | Payment in full only if the auction yields a cash return the Estate. |
| **Lien Priority:** | Junior to the existing first lien on the Estate's patent portfolio held by the Arizona Commerce Authority. Junior to the existing first lien on the other assets of the Estate held by the Bank of New York Mellon as collateral agent for certain debenture holders. |
| **Administrative Priority:** | Section 364(b) |

## III. THE PROPOSED FINANCING SATISFIES THE REQUIREMENTS OF 11 U.S.C. § 364 AND IS IN THE BEST INTERESTS OF THE BANKRUPTCY ESTATES.

The Trustee seeks approval for the proposed financing from Mr. Rasor, pursuant to 11 U.S.C. §364(c). There is no other source of financing for the short term occupancy of the Premises on more favorable terms: zero percent interest and zero points secured only by a junior lien.

As set forth above, the Trustee evaluated other alternatives but none were viable. The Trustee only needs occupancy of the Premises for a short period of time. Lessor is only willing to permit that occupancy which will result in the auction at the end of March if it is ensured of payment. Lessor has dealt with Mr. Rasor throughout this case and it has agreed to an Eighth Amendment of the Lease based on the understanding that the payments will be funded by Mr. Rasor. The Trustee believes the only chance for the Estate to yield any return is through financing from Mr. Rasor which will allow for the continued occupancy and the sale of the assets of the Estate, free and clear of all liens, by the end of March, 2016.

As this Court is aware, Section 364 of the Bankruptcy Code provides, in relevant part, that:

> (b) The court, after notice and hearing, may authorize the trustee to obtain unsecured credit . . . allowable under Section 503(b)(1) of this title as an administrative expense.
>
> (c) If the trustee is unable to obtain unsecured credit allowable under Section 503(b)(1) of this title as an administrative expense, the Court, after notice and a hearing, may authorize the paying of credit or the incurring of debt –
>
> (1) with priority over any or all administrative expenses of the kind specified in Section 503(b) or 507(b) of this title;
>
> (2) secured by a lien on property of the estate that is not otherwise subject to the lien; or
>
> (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. §364.

The elements of Section 364(b) & (c)(3) are satisfied in this case. As set forth above, the Trustee has not been able to obtain financing on terms better than offered by

Mr. Rasor. The Trustee and his counsel spent substantial time negotiating with Mr. Rasor and his legal counsel and revising material aspects of the Term Sheet.

Without the proposed financing facility from Mr. Rasor, the secured creditors and Lessor will seize and foreclose on all assets of the Estate with no return to unsecured creditors.

The proposed financing transaction with Mr. Rasor is in the best interests of the Bankruptcy Estate. Therefore, it is appropriate for the Court to issue its Order authorizing Debtors to enter into the above-described financing transaction with Mr. Rasor.

RESPECTFULLY SUBMITTED this 2nd day of March, 2016.

**TIFFANY & BOSCO, P.A.**

By: /s/ Christopher R. Kaup
    Christopher R. Kaup, Esq.
    Laura Wochner, Esq.
    Seventh Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016
    *Attorneys for the Trustee*

**FOREGOING** electronically filed with Bankruptcy Court on this 2nd day of March, 2016; and

**COPIES** (Judge BKM) served by mail or email on this or the next business day to:

| | |
|---|---|
| Shelton L. Freeman | Clear Energy Systems, Inc. |
| Freeman Huber Law PLLC | 1245 W. Geneva Drive |
| 6909 E Main Street | Tempe, AZ 85282 |
| Scottsdale, AZ 85251 | *Debtor* |
| Email: bkfilings@flfaz.com | |
| *Attorneys for Debtor* | |

| | | |
|---|---|---|
| 1 | Thomas A. Pitta, Esq.<br>Emmet, Marvin & Martin, LLP | William Scott Jenkins<br>Carl Kunz |
| 2 | 120 Broadway, 32nd Floor<br>New York, New York 10271 | Myers & Jenkins, P.C.<br>One East Camelback Road, Suite 500 |
| 3 | Email: tpitta@emmetmarvin.com<br>*The Bank of New York Mellon* | Phoenix, Arizona 85012<br>Email: wsj@mjlegal.com |
| 4 | | Email: ckunz@morrisjames.com |
| 5 | | *Attorneys for DCT – AZ 2004 RN Portfolio U, LLC* |
| 6 | William Novotny<br>Dickinson Wright PLLC | Randy J. Aoyama, Esq.<br>Michael R. Ayers, Esq. |
| 7 | 1850 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85004 | Hinshaw & Culbertson, LLP<br>2375 E. Camelback Road, Suite 750 |
| 8 | E-mail:<br>wnovotny@dickinsonwright.com | Phoenix, Arizona 85016<br>Email: raoyama@hinshawlaw.com |
| 9 | *Attorneys for Arizona Commerce*<br>*Authority* | Email: mayers@hinshawlaw.com<br>*Counsel for Westchester Fire Insurance Company* |
| 10 | | |
| 11 | Dale C Schian, Esq.<br>Schian Walker, P.L.C. | Dean C. Waldt, Esq.<br>Grant L. Cartwright, Esq. |
| 12 | 1850 North Central Avenue, #900<br>Phoenix, Arizona 85004-4531 | Ballard Spahr LLP<br>1 East Washington Street, Suite 2300 |
| 13 | E-mail: ecfdocket@swazlaw.com<br>*Attorneys for TEC International LLC* | Phoenix, AZ 85004-2555<br>Email: waldtd@ballardspahr.com |
| 14 | | Email: cartwrightg@ballardspahr.com |
| 15 | | *Counsel for William J. Post* |
| 16 | Trevor J. Young, Esq. | James S. Samuelson, Esq. |
| 17 | Mulliken Weiner Berg & Jolivet P.C.<br>102 S. Tejon Street, Suite 900 | SACKS TIERNEY P.A.<br>4250 N. Drinkwater Boulevard, Fourth Floor |
| 18 | Colorado Springs, Colorado 80903<br>Email: young@mullikenlaw.com | Scottsdale, Arizona 85251<br>Email: james.samuelson@sackstierney.com |
| 19 | *Attorneys for Axxess Energy, LLC* | *Attorneys for Axxess Energy, LLC* |
| 20 | Matthew A. Silverman | Patty Chan |
| 21 | April J. Theis<br>Christopher J. Dylla | Office Of The U.S. Trustee<br>230 North First Avenue, Suite 204 |
| 22 | Office of the Attorney General<br>1275 West Washington Street | Phoenix, AZ 85003<br>Email: Patty.Chan@usdoj.gov |
| 23 | Phoenix, Arizona 85007-2926 | *U.S. Trustee* |
| 24 | Email: matthew.silverman@azag.gov<br>Email: april.theis@azag.gov | |
| 25 | Email: christopher.dylla@azag.gov | |
| 26 | *Attorneys for the State of Arizona*<br>*ex rel. Arizona Department of Revenue* | |
| 27 | By: /s/ Louis A. Lofredo | |
| 28 | | |

Exhibit "1"

# TERM SHEET

1) Subject to the terms herein, John F. Rasor ("**Jack**") shall have the right to continue advancing funds to or on behalf of CES for the following expenses (collectively "**Operating Expenses**"):

    a. All expenses paid to DCT for CES use of the Geneva Premises under the 8th Amendment to the Lease as shown on the attached Landlord Invoice generated by DCT;
    b. The reasonable costs, as shown on invoices from the various utility providers as determined by the Court, for utilities for the Geneva Premises through 3/31/16 (or 4/30/16 if Lease term is extended by Jack);
    c. The reasonable costs, as determined by the Court, for insurance expenses through 3/31/16 (or 4/30/16 if Lease term is extended by Jack);
    d. The reasonable costs, as determined by the Court, for all expenditures by Jack to preserve and protect the personal and intellectual property of CES (including patents, pending patents, patent applications and extensions and other intellectual property, website domains, tradenames and trademarks);
    e. Any amounts paid by Jack or any portion of the $112,889.00 security deposit, given to DCT by Jack to secure CES' performance of its lease obligations, retained by DCT, as a result of CES failing to perform its obligations under the Lease including compliance with the attached Exhibit F Move Out Conditions;
    f. Jack's reasonable attorneys' fees, as approved by the Court; and
    g. The amounts paid to date for items 1.b, c, d and e are listed in Schedule 1 attached hereto.

2) In return for advancing the Operating Expenses and as an inducement to do so, Jack shall receive the following:

    a. A super-priority administrative expense for all amounts funded under Paragraph 1 to the extent approved by the Court;
    b. If approved by the Court, an allowed administrative expense claim for amounts funded from December 23, 2015, which is the date of the *Order Approving Appointment of the Trustee (David Tiffany),* through the current date of the approved Term Sheet, as shown on Schedule 2 attached hereto, and exclusive of Operating Expenses;
    c. A security interest in all assets of CES, including without limitation all personal property, intellectual property, rights and claims of CES ("**CES Property**"), subject to any existing liens, for all amounts personally

advanced by Jack to date and for all amounts advanced by Jack to fund Operating Expenses and which are approved by the Court;

    d. Access to the Geneva Premises, along with any third parties designated by Jack, upon 24 hours notice in writing to the Trustee prior to 3/23/16 (date of auction), and unrestricted access to the Geneva Premises after 3/23/16; and

    e. The right to credit bid any such amounts at the auction, subject to prior lien amounts.

3) The Trustee will make his best efforts to cause the CES Property to be offered for sale at an auction(s), with such auction(s) to be held on or before March 23, 2016.

4) In the event of an auction sale of all or part of the CES Property that results in cash proceeds, the Trustee will move the Court to allow the cash auction proceeds to be surcharged for the following expenses, which shall be paid pro-rata until paid in full:

    a. Reasonable court approved costs of auction(s) and marketing expenses for the auction,
    b. Reasonable Exhibit F Move Out Condition expenses as approved by the Court
    c. Reasonable Operating Expenses as approved by the Court

All other auction proceeds shall be retained by CES and distributed in accordance with the priorities established in the Bankruptcy Code.

5) Upon the conclusion of an auction at which there is a sale of all or part of the CES Property, the successful bidder(s) shall be responsible for removal of all such auctioned CES Property from the Geneva Premises and repairing any damage caused in doing so, including attached or unattached or leased or owned property, fixtures, equipment, parts, tools, etc, all of which shall be removed from the Geneva Premises (building/yard) by 5:00 p.m. Arizona time on March 30, 2016.

6) Upon the expiration of the time period in paragraph 5, the Estate, pursuant to court order, will abandon its interest in all CES Property that is not sold at auction and/or was sold but was not removed from the Geneva Premises on or prior to 3/30/16 in accordance with the Code and the Bankruptcy Rules to Jack or to such other party the Court determines to be entitled to those assets under applicable law, to permit him, her or it to take all actions necessary to remove those items from the Geneva Premises immediately thereafter.

7) Upon the expiration of the time period in paragraph 5, CES authorizes Jack (but Jack has no obligation) to take exclusive possession of the Geneva Premises and any CES Property remaining in the Geneva Premises at or after 5:00 p.m. Arizona time on March 30, 2016 to take all steps required to satisfy any remaining Exhibit F Move Out Conditions. To the extent that Jack does take possession, CES will abandon any interest in or rights to use the Geneva Premises.

8) In the event that an auction does not occur on or before 3/23/16 or an auction is held but either does not result in any bids or any cash proceeds:

   a. Jack, solely as a secured creditor and not as a principal, officer, director or fiduciary of CES, shall be authorized by the court order approving this Term Sheet, but shall have no obligation, to take immediate possession of the Geneva Premises and all CES Property located therein without need for further court order or further authorization of CES or the Trustee;
   b. Pursuant to court order entered after notice and hearing, any and all stays, injunctions, etc. shall be deemed lifted and the right to seek such stays, injunctions, etc. shall be waived such that Jack will have a clear right to act;
   c. Jack, solely as a secured creditor and not as a fiduciary of CES, shall be authorized (but shall have no obligation) to deal with any credit bid purchasers of items directly to arrange for removal of such CES Property; and
   d. CES agrees that Jack shall have full authority to take possession and assert control over the Geneva Premises as well as to deal directly with the landlord, DCT, regarding the use of the Geneva Premises and the completion of any required Exhibit F Move Out Conditions.

9) CES acknowledges and agrees that all the funds currently being held by DCT as a security deposit for the lease were funded by and are the sole property of Jack that CES disclaims any interest or right to those funds and upon resolution of the lease, Jack has the sole right to the return of those funds.



**DCT INDUSTRIAL**

Property Address:
DCT #405003
1245 West Geneva
Tempe, AZ  85282

Billing Inquiries:
(602) 427-4047
Michelle Weber

2/16/2016        ACCOUNT NUMBER
                 HO001357

Clear Energy Systems, Inc.
1245 West Geneva Drive
Tempe, AZ  85282

| Date | Code | Description | Charges | Payments | Amount Due |
|---|---|---|---|---|---|
| 2/1/2016 | RNT | 02/16 Base Rent | 15,718.50 | 0.00 | 15,718.50 |
| 2/1/2016 | OEE | 02/16 Operating Expenses | 4,090.00 | 0.00 | 4,090.00 |
| 2/1/2016 | RTX | 02/16 Rental Tax | 455.60 | 0.00 | 455.60 |
| 2/1/2016 | RNT | 03/16 Base Rent | 15,718.50 | 0.00 | 15,718.50 |
| 2/1/2016 | OEE | 03/16 Operating Expenses | 4,090.00 | 0.00 | 4,090.00 |
| 2/1/2016 | STX | 03/16 Rental Tax | 455.60 | 0.00 | 455.60 |
| 2/1/2016 | TRI | Legal Fees | 12,635.00 | 0.00 | 12,635.00 |
| | | | | Total Due Prior to 2/22/16 | $53,163.20 |

**30-Day Option**

| Date | Code | Description | Charges | Payments | Amount Due |
|---|---|---|---|---|---|
| 3/1/2016 | RNT | 04/16 Base Rent | 15,718.50 | 0.00 | 15,718.50 |
| 3/1/2016 | OEE | 04/16 Operating Expenses | 4,090.00 | 0.00 | 4,090.00 |
| 3/1/2016 | STX | 04/16 Rental Tax | 455.60 | 0.00 | 455.60 |
| | | | | Additional Amount Due Prior to 3/1/16 | $20,264.10 |

2/16/2016        ACCOUNT NUMBER
                 HO001357

Remit To:
DCT - AZ 2004 RN Portfolio U, LLC
c/o DCT Property Management LLC
Department 1379
Denver, CO  80256

Tenant Name:
Clear Energy Systems, Inc.

# TERM SHEET
# 3/1/2016

## Schedule 1

| Date | Vendor | Expense Category | Amount |
|---|---|---|---:|
| 1/19/2016 | Shadowfire Solutions | Website | 3,200.00 |
| 1/19/2016 | Rich Troxell | Move Out Expenses | 3,710.00 |
| 2/15/2016 | SW Gas | Utilities | 77.92 |
| 2/16/2016 | Cox Communications | Utilities | 785.41 |
| 2/16/2016 | US Premium Finance | Insurance | 1,286.54 |
| 2/19/2016 | Salt River Project | Utilities | 894.62 |
| 2/19/2016 | City of Tempe | Utilities | 312.14 |
| | | | 10,266.63 |

## Schedule 2

| Date | Vendor | Expense Category | Amount |
|---|---|---|---:|
| 1/28/2016 | Joel Borovay | Hours | 1,000.00 |
| 2/16/2016 | Doug Heise | Hours | 1,850.00 |
| | | | 2,850.00 |

Case 2:14-bk-12716-BKM    Doc 288    Filed 03/02/16    Entered 03/02/16 20:12:50    Desc
Main Document    Page 13 of 13