1  Christopher R. Kaup, State Bar No. 014820
   Laura L. Wochner, State Bar No. 032214
2
   **TB TIFFANY & BOSCO**
3        P.A.
   Seventh Floor, Camelback Esplanade II
4  2525 East Camelback Road
   Phoenix, Arizona 85016
5  Telephone: (602) 255-6000
   Facsimile: (602) 255-0103
6  E-Mail: crk@tblaw.com; llw@tblaw.com
   *Attorneys for Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| CLEAR ENERGY SYSTEMS, INC., | 2:14-BK-12716-BKM |
| Debtor. | **TRUSTEE'S MOTION TO APPROVE:**<br>**(1) STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY**<br>**AND**<br>**(2) STIPULATION FOR ABANDONMENT OF DOCUMENTS AND COMPUTER FILES TO DISTRICT COURT LITIGATION COUNSEL FOR THE DEBTOR** |

Chapter 11 Trustee, David Tiffany, by and through undersigned counsel, hereby moves this Court to approve the *Stipulation for Relief from the Automatic Stay* (the "Stay Relief Stipulation"), a copy of which is attached hereto as **Exhibit "1"**, and the *Stipulation for Abandonment of Documents and Computer Files to District Court Litigation Counsel for the Debtor* (the "Abandonment Stipulation") a copy of which is attached hereto as **Exhibit "2"**.

Relief from the automatic stay is necessary pursuant to Section 362(a) of the Bankruptcy Code to permit the Debtor and its insurance carrier, Westchester Fire Insurance Company ("Westchester") to attend and participate in a court ordered mediation and, hopefully, settle that case with money only from the directors and officers insurance policy

and to allow payments and/or advancement by Westchester of legal fees and costs, that are, or will become, owing for CES's defense in the Lawsuit, as that term is defined below.

The proposed abandonment of documents and computer files to litigation counsel for the Debtor is appropriate, pursuant to 11 U.S.C. §554(a), so that all of the documents, files, and computer/electronically stored information from the Debtor's computers (collectively the "Material") not sold and transferred to another party, effective as of March 31, 2016, will be placed in the sole custody of lawyers handling that litigation. This Motion is more fully supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**Relief from the Automatic Stay**

Debtor is a defendant in an action entitled *Axxess Energy LLC v. Clear Energy Systems, Inc.,* Civil Action No.: 2:15-CV-01831-MHB, pending in the United States District Court for the District of Arizona (the "Lawsuit"). On August 14, 2015, this Court approved a Stipulation (the "Axxess Stipulation") between Axxess Energy LLC ("Axxess") and the Debtor granting Axxess relief from the automatic stay to commence the Lawsuit against CES fro recovery solely from a Westchester Insurance Policy. [Doc. 205]. Westchester issued ACE EXPRESS Private Company Management Indemnity Package Policy No. G24099283 004 issued to CES for the Policy Period of November 12, 2012 to November 12, 2013. The Policy contains an aggregate Limit of Liability of $5,000,000.00, including defense costs. Insuring Clauses A.2 and A.3 have a $5,000.00 Retention for each Claim. Subject to the terms of the Policy, it is the Westchester's duty to defend Claims.

The Axxess Stipulation, to which Westchester was not a party, did not provide that, pursuant to the terms of the Policy, any amounts paid by Westchester to defend claims, including the Lawsuit, reduce the Limits of Liability of the Policy. Consequently, the Court's Order does not provide that the automatic stay was lifted to permit Westchester to advance any defense costs for the Lawsuit or to fund any settlement.

Having allowed Axxess relief from the stay to bring the Lawsuit against CES, it is only fair and reasonable that the Court grant the requested relief to enable Westchester to provide CES with a defense to that Lawsuit and/or to use the Policy proceeds to enable Westchester to engage in good faith settlement negotiations with respect to the Lawsuit. There will be no prejudice to any creditors of the Estate since all attorneys' fees, costs, and expenses will be paid only from the Policy

In the Stay Relief Stipulation Westchester and Debtor request the Court to enter an Order granting relief from the automatic stay, to the extent that it applies, to allow payments and/or advancement by Westchester of funds necessary to pay for the Debtor's defense in the Lawsuit pursuant to the Policy. Westchester and Debtor also seek to have the stay modified to permit Westchester, in its sole discretion, to use proceeds of the Policy to fund a settlement of the Lawsuit. A court ordered mediation is set for the end of March, 2016. Westchester and Debtor also ask the Court waive the requirements of Bankruptcy Rule 4001(a)(3) and direct that the Order granting the requested relief be effective immediately.

Cause exists under section 362(d)(1) of the Bankruptcy Code, for granting relief from the stay to permit Westchester to advance insurance proceeds to pay for the fees and costs incurred by the Debtor to defend the Lawsuit. In addition, stay relief is appropriate to permit Westchester to use proceeds from the Policy proceeds to funds a settlement of the Lawsuit.

**Abandonment of Documents and Computer Files to District Court Litigation Counsel for the Debtor**

The Trustee expects to conduct an auction of all of the assets of the Estate on March 23, 2016 (the "Auction"). All of the documents, files, and computer/electronically stored information download from the Estate's Computers by the Trustee (collectively the "Material") belonging to the Estate may be transferred to one or more buyers at that time.

If the Material is not transferred to a third party at that time, the Trustee may dispose of it. A portion or all of the Material may relate to or bear on the issues in the Litigation. Counsel for Debtor in the Litigation, the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP ("MKERT"), and the Trustee desire to ensure that all of the Material is protected and preserved for the benefit of the parties in the Law Suit. In the event the Trustee is not able to sell the Material, it is clear it will be of inconsequential value to the Estate. In addition, it would be costly and burdensome for the Estate to store the Material.

Therefore, in the Abandonment Stipulation the Trustee and MKERT request the Court to permit MKERT or its designee to collect and transport all the Material (including a copy of the computer/electronically stored information downloaded from the Estate's computers) to MKERT's offices as soon as practicable after the Court approves this Stipulation. Thereafter, MKERT will take custody and control of the Materials; provided, however, that MKERT shall allow the purchaser of the assets of the estate (the "Purchaser") prior to close of business March 31, 2016, to review the Materials at the MKERT office and allow the Purchaser to remove and retain such Material as the Purchaser desires after MKERT makes copies of any such Materials that MKERT determines may relate to or bear on the issues in the Case prior to removal by the Purchaser.

The Trustee requests the Court approve the Abandonment Stipulation providing that (1) the Trustee shall abandon all of the Material to MKERT, not sold and transferred to another party, effective as of March 31, 2016 and, thereafter, MKERT will take possession of and have sole custody and control of the Material as of March 31, 2016; (2) MKERT may make copies of all or any portion of the Material to provide to Axxess and it counsel pursuant to the Federal Rules of Civil Procedure; and (3) Axxess and its counsel shall have the right to obtain discovery pursuant to the Federal Rules of Civil Procedure of any non-privileged portion of the Material in the Case.

Therefore, cause exists pursuant to 11 U.S.C. §554(a), for the Court to authorize the Trustee to abandon all of the Material to MKERT on the terms and conditions set forth in the Stipulation.

**Conclusion**

The proposed abandonment of documents and computer files to District Court litigation counsel for the Debtor and relief from the automatic stay are in the best interests of the Bankruptcy Estate. Therefore, it is appropriate for the Court to enter its Order approving the Stay Relief Stipulation and an Order approving the Abandonment Stipulation.

RESPECTFULLY SUBMITTED this 10th day of March, 2016

**TB TIFFANY & BOSCO** P.A.

By: /s/ Christopher R. Kaup
Christopher R. Kaup, Esq.
Laura L. Wochner, Esq.
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Trustee*

**FOREGOING** electronically filed with Bankruptcy Court on this 10th day of March, 2016; and

**COPIES** (Judge BKM) served by mail or email on this or the next business day to:

Shelton L. Freeman
Freeman Huber Law PLLC
6909 E Main Street
Scottsdale, AZ 85251
Email: bkfilings@flfaz.com
*Attorneys for Debtor*

Clear Energy Systems, Inc.
1245 W. Geneva Drive
Tempe, AZ 85282
*Debtor*

| | | |
|---|---|---|
| 1 | Thomas A. Pitta, Esq.<br>Emmet, Marvin & Martin, LLP<br>120 Broadway, 32nd Floor<br>New York, New York 10271<br>Email: tpitta@emmetmarvin.com<br>*The Bank of New York Mellon* | William Scott Jenkins<br>Carl Kunz<br>Myers & Jenkins, P.C.<br>One East Camelback Road, Suite 500<br>Phoenix, Arizona 85012<br>Email: wsj@mjlegal.com<br>Email: ckunz@morrisjames.com<br>*Attorneys for DCT – AZ 2004 RN Portfolio U, LLC* |
| 6 | William Novotny<br>Dickinson Wright PLLC<br>1850 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85004<br>E-mail: wnovotny@dickinsonwright.com<br>*Attorneys for Arizona Commerce Authority* | Randy J. Aoyama, Esq.<br>Michael R. Ayers, Esq.<br>Hinshaw & Culbertson, LLP<br>2375 E. Camelback Road, Suite 750<br>Phoenix, Arizona 85016<br>Email: raoyama@hinshawlaw.com<br>Email: mayers@hinshawlaw.com<br>*Counsel for Westchester Fire Insurance Company* |
| 11 | Dale C Schian, Esq.<br>Schian Walker, P.L.C.<br>1850 North Central Avenue, #900<br>Phoenix, Arizona 85004-4531<br>E-mail: ecfdocket@swazlaw.com<br>*Attorneys for TEC International LLC* | Dean C. Waldt, Esq.<br>Grant L. Cartwright, Esq.<br>Ballard Spahr LLP<br>1 East Washington Street, Suite 2300<br>Phoenix, AZ 85004-2555<br>Email: waldtd@ballardspahr.com<br>Email: cartwrightg@ballardspahr.com<br>*Counsel for William J. Post* |
| 16 | Trevor J. Young, Esq.<br>Mulliken Weiner Berg & Jolivet P.C.<br>102 S. Tejon Street, Suite 900<br>Colorado Springs, Colorado 80903<br>Email: young@mullikenlaw.com<br>*Attorneys for Axxess Energy, LLC* | James S. Samuelson, Esq.<br>SACKS TIERNEY P.A.<br>4250 N. Drinkwater Boulevard, Fourth Floor<br>Scottsdale, Arizona 85251<br>Email: james.samuelson@sackstierney.com<br>*Attorneys for Axxess Energy, LLC* |
| 21 | Matthew A. Silverman<br>April J. Theis<br>Christopher J. Dylla<br>Office of the Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007-2926<br>Email: matthew.silverman@azag.gov<br>Email: april.theis@azag.gov<br>Email: christopher.dylla@azag.gov<br>*Attorneys for the State of Arizona ex rel. Arizona Department of Revenue* | Patty Chan<br>Office Of The U.S. Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003<br>Email: Patty.Chan@usdoj.gov<br>*U.S. Trustee* |

| | |
|---|---|
| 1 | All email recipients as approved under the Court's ORDER APPROVING |
| 2 | ELECTRONIC SERVICE (Doc 164) |
| 3 | By: /s/ Louis A. Lofredo |

# Exhibit "1"

Christopher R. Kaup, State Bar No. 014820
Laura L. Wochner, State Bar No. 032214
**TB TIFFANY & BOSCO**
P.A.
Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; llw@tblaw.com
*Attorneys for Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| CLEAR ENERGY SYSTEMS, INC., | 2:14-BK-12716-BKM |
| Debtor. | **STIPULATION FOR RELIEF FROM THE AUTOMATIC STAY** |

David Tiffany, the duly appointed Chapter 11 Trustee in this case, Westchester Fire Insurance Company ("Westchester") and Debtor, Clear Energy Systems, Inc. ("CES"), through David Tiffany, the duly appointed Chapter 11 Trustee, submit this stipulation (the "Stipulation") pursuant to 11 U.S.C. §§ 362(d), and 105(a), and Fed. R. Bank. P. 4001(a) and 9014, for an Order (1) that the automatic stay imposed by 11 U.S.C. § 362(a), to the extent applicable to Policy No. G24099283 004 issued by Westchester to CES for the policy period from November 12, 2012 to November 12, 2013 (the "Policy"), is modified so as to permit Westchester to reimburse, as it deems appropriate, "Costs, Charges and Expenses," as defined by the Policy, incurred by CES in connection with adversary proceeding entitled <u>Axxess Energy LLC v. Clear Energy Systems, Inc.</u>, Civil Action No.: 2:15-cv-01831-MHB, U.S. District Court, District of Arizona (the "Lawsuit"); (2) that any such payment of the Costs, Charges and Expenses by Westchester shall reduce the Policy's aggregate Limit of Liability in a like amount as provided in the Policy; and (3) that the automatic stay imposed by 11 U.S.C. §

362(a), to the extent applicable, does not bar Westchester from using the proceeds of the Policy to negotiate and/or fund a compromise or settlement of the Lawsuit.

**Recitals**

1. The Court has jurisdiction over the subject matter of this Stipulation pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding arising under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., that the Court has authority to hear and determine pursuant to 28 U.S.C. § 157(b)(2).

2. On August 14, 2015, this Court So Ordered a Stipulation between Axxess Energy LLC ("Axxess") and the Debtor granting Axxess relief from the automatic stay to commence the Lawsuit against CES for recovery solely from the Westchester Policy. (Doc. 205)

3. The Stipulation, to which Westchester was not a party, did not state that, pursuant to the terms of the Policy, any amounts paid by Westchester to defend claims, including the Lawsuit, reduce the Limits of Liability of the Policy. Consequently, the Court's Order does not provide for lifting the automatic stay to permit Westchester to advance any defense costs for the Lawsuit or to fund any settlement.

4. Axxess filed its complaint in the Lawsuit on September 14, 2015.

5. Westchester has reserved its rights to deny coverage for the lawsuit based on various terms, conditions, and exclusions of the Policy, and is providing CES with a defense subject to that reservation of rights.

**Background**

**The Policy**

6. Westchester issued ACE EXPRESS Private Company Management Indemnity Package Policy No. G24099283 004 issued to CES for the Policy Period of November 12, 2012 to November 12, 2013. The Policy contains an aggregate Limit of Liability of $5,000,000, including Defense Costs. Insuring Clauses A.2 and A.3 have a $5,000 Retention for each Claim. Subject to the terms of the Policy, it is the Insurer's duty to defend Claims.

7. Insuring Clause A.3. of the Policy (subject to its terms, provisions, conditions, and exclusions) provides that Westchester "shall pay the Loss of [CES] which [CES] becomes legally obligated to pay by reason of a Claim first made against [CES] during the Policy Period…and reported to [Westchester]…"[1]

8. "Loss is defined in the Policy to include "damages, judgments, settlements . . . and Costs, Charges and Expenses." This includes, in pertinent part, "reasonable and necessary legal costs, charges, fees and expenses" incurred by the Insurer, or by any Insured with the Insurer's consent, in defending Claims. The payments of Loss, including Costs, Charges and Expenses, will thus reduce the Policy's aggregate limit of liability.

9. The Policy also contains a "Payment Priority" provision, which requires Westchester to pay Loss, including Costs, Charges and Expenses, incurred by any Directors and/or Officers under the D&O Coverage Insuring Clause A.1. prior to paying Loss incurred by the Company. Then with respect to whatever remaining amount of the Limit of Liability is available after payments of such Loss, Westchester may pay Loss incurred by CES. Because no Claims against CES Directors or Officers have been submitted to Westchester, the Priority of Payments provisions does not presently apply.

10. To date, counsel appointed to defend CES in the Lawsuit has incurred Costs, Charges and Expenses for the defense of CES.

**The Lawsuit**

11. The Complaint in the Lawsuit alleges that Axxess Energy LLC ("Axxess"), Grand Creek Ranch Legacy Trust ("Grand Creek"), and VP, LLC ("VP") were induced to purchase common stock of CES for the total price of $3,000,000 as a result of misrepresentations concerning the operational viability of, and amount of purchase orders for, an engine being developed by CES. Subsequently, Axxess, Grand Creek, and VP learned of the misrepresentations and demanded

---

[1] Insuring Agreement A.1, which applies to Loss incurred by CES's Directors and Officers for which they are not indemnified by the Company, and Insuring Agreement A.2, which reimburses CES for Loss it pays as a result of an indemnification obligation it owes to its Directors and Officers, do not apply to this matter. The Complaint in the Lawsuit does not name any Directors or Officers as defendants.

rescission of their investments. CES refused. Grand Creek and VP assigned their rights, title, and interest in their stock to Axxess. The Complaint contains a single count sounding in negligent misrepresentation.

12. A settlement conference has also been scheduled in this matter for March 29, 2016.

### Stipulation to Modify the Automatic Stay

13. It is well settled that insurance policies are property of the estate and covered by the automatic stay provisions of the Bankruptcy Code. See Liberty Mut. Ins. Co. v. Official Unsecured Creditors' Comm. Of Spaulding Composites Co. (In re Spaulding Composites Co.), 207 B.R. 899, 907 (B.A.P. 9th Cir. 1997).

14. However, in the present case, cause exists under section 362(d)(1) of the Bankruptcy Code, for granting relief from the stay to permit Westchester to advance Costs, Charges and Expenses incurred by CES to defend the Lawsuit.

15. Having allowed Axxess relief from the stay to bring the Lawsuit against CES, it is only fair and reasonable that the Court grant the requested relief to enable Westchester to provide CES with a defense to that Lawsuit and/or to use the Policy proceeds to enable Westchester to engage in good faith settlement negotiations with respect to the Lawsuit.

16. Section 105 of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purpose of Section 105 is to assure the bankruptcy court's power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction. 2 Collier on Bankruptcy¶ 105.01 at 105-5 through 105-6 (15th ed. Rev. 2000).

17. Permitting Westchester to pay the Costs, Charges and Expenses, pursuant to the Policy's express language and to use Policy proceeds to attempt to negotiate a settlement of the Lawsuit, is clearly appropriate in these circumstances.

18. Westchester and Debtor hereby stipulate and request the Court to enter an Order granting relief from the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent that it applies, to allow payments and/or advancement by Westchester of Costs, Charges and Expenses that are, or will become, owing for CES's defense in the Lawsuit pursuant to the Policy.

19. Westchester and Debtor further request the Court to enter an order modifying the automatic stay to permit Westchester, in its sole discretion, to use proceeds of the Policy in negotiating and/or funding a compromise or settlement of the Lawsuit.

20. Westchester and Debtor further request that the Court waive the requirements of Bankruptcy Rule 4001(a)(3) and direct that the Order granting the requested relief be effective immediately.

**Dated: March ___, 2016**

| | |
|---|---|
| **TIFFANY & BOSCO, P.A** | **COZEN O'CONNOR** |
| /s/ Christopher R. Kaup<br>Christopher R. Kaup<br>Camelback Esplanade II<br>2525 E. Camelback Rd., Seventh Floor<br>Phoenix, AZ 85016<br>Telephone: 602-255-6024<br>*Counsel for the Trustee* | /s/ Amanda Lorenz<br>Amanda Lorenz SBN 021902<br>501 West Broadway, Ste. 1610<br>San Diego, CA 92101<br>Telephone: 619-234-1700<br>Facsimile: 619-234-7831<br>*Counsel for*<br>*Westchester Fire Insurance Company* |

**FOREGOING** electronically filed with Bankruptcy Court on this ___ March, 2016; and

**COPIES** (Judge BKM) served by mail or email on this or the next business day to:

| | |
|---|---|
| Shelton L. Freeman<br>Freeman Huber Law PLLC<br>6909 E Main Street<br>Scottsdale, AZ 85251<br>Email: bkfilings@flfaz.com<br>*Attorneys for Debtor* | Clear Energy Systems, Inc.<br>1245 W. Geneva Drive<br>Tempe, AZ 85282<br>*Debtor* |

| | | |
|---|---|---|
| 1 | Thomas A. Pitta, Esq.<br>Emmet, Marvin & Martin, LLP | William Scott Jenkins<br>Carl Kunz |
| 2 | 120 Broadway, 32nd Floor<br>New York, New York 10271 | Myers & Jenkins, P.C.<br>One East Camelback Road, Suite 500 |
| 3 | Email: tpitta@emmetmarvin.com | Phoenix, Arizona 85012<br>Email: wsj@mjlegal.com |
| 4 | *The Bank of New York Mellon* | Email: ckunz@morrisjames.com<br>*Attorneys for DCT – AZ 2004 RN Portfolio U, LLC* |
| 5 | | |
| 6 | William Novotny<br>Dickinson Wright PLLC | Randy J. Aoyama, Esq.<br>Michael R. Ayers, Esq. |
| 7 | 1850 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85004 | Hinshaw & Culbertson, LLP<br>2375 E. Camelback Road, Suite 750 |
| 8 | E-mail:<br>wnovotny@dickinsonwright.com | Phoenix, Arizona 85016<br>Email: raoyama@hinshawlaw.com |
| 9 | *Attorneys for Arizona Commerce<br>Authority* | Email: mayers@hinshawlaw.com<br>*Counsel for Westchester Fire Insurance Company* |
| 10 | | |
| 11 | Dale C Schian, Esq.<br>Schian Walker, P.L.C. | Dean C. Waldt, Esq.<br>Grant L. Cartwright, Esq. |
| 12 | 1850 North Central Avenue, #900<br>Phoenix, Arizona 85004-4531 | Ballard Spahr LLP<br>1 East Washington Street, Suite 2300 |
| 13 | E-mail: ecfdocket@swazlaw.com<br>*Attorneys for TEC International LLC* | Phoenix, AZ 85004-2555<br>Email: waldtd@ballardspahr.com |
| 14 | | Email: cartwrightg@ballardspahr.com<br>*Counsel for William J. Post* |
| 15 | | |
| 16 | Trevor J. Young, Esq.<br>Mulliken Weiner Berg & Jolivet P.C. | James S. Samuelson, Esq.<br>SACKS TIERNEY P.A. |
| 17 | 102 S. Tejon Street, Suite 900<br>Colorado Springs, Colorado 80903 | 4250 N. Drinkwater Boulevard, Fourth Floor<br>Scottsdale, Arizona 85251 |
| 18 | Email: young@mullikenlaw.com<br>*Attorneys for Axxess Energy, LLC* | Email: james.samuelson@sackstierney.com<br>*Attorneys for Axxess Energy, LLC* |
| 19 | Matthew A. Silverman | Patty Chan |
| 20 | April J. Theis<br>Christopher J. Dylla | Office Of The U.S. Trustee<br>230 North First Avenue, Suite 204 |
| 21 | Office of the Attorney General<br>1275 West Washington Street | Phoenix, AZ 85003<br>Email: Patty.Chan@usdoj.gov |
| 22 | Phoenix, Arizona 85007-2926<br>Email: matthew.silverman@azag.gov | *U.S. Trustee* |
| 23 | Email: april.theis@azag.gov<br>Email: christopher.dylla@azag.gov | |
| 24 | *Attorneys for the State of Arizona<br>ex rel. Arizona Department of Revenue* | |
| 25 | | |
| 26 | | |

1 | All email recipients as approved under the Court's ORDER APPROVING
2 | ELECTRONIC SERVICE (Doc 164)
3 | By: /s/
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# Exhibit "2"

Christopher R. Kaup, State Bar No. 014820
Laura L. Wochner, State Bar No. 032214

**TB TIFFANY & BOSCO**
P.A.

Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; llw@tblaw.com
*Attorneys for Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>CLEAR ENERGY SYSTEMS, INC.,<br><br>Debtor. | Chapter 11<br><br>2:14-BK-12716-BKM<br><br>**STIPULATION FOR ABANDONMENT OF DOCUMENTS AND COMPUTER FILES TO DISTRICT COURT LITIGATION COUNSEL FOR THE DEBTOR** |

David Tiffany, the duly appointed Chapter 11 Trustee in this case, the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP ("MKERT"), which represents the Debtor, Clear Energy Systems, Inc., solely in the action entitled *Axxess Energy LLC v. Clear Energy Systems, Inc.,* Civil Action No.: 2:15-CV-01831-MHB, U.S. District Court, District of Arizona (the "Case") and solely for purposes of defending Clear Energy Systems, Inc. in the Case hereby stipulate and agree as follows:

1. Axxess is the plaintiff and the Debtor is a defendant in the Case;

2. Debtor's defense is being paid for by Westchester Fire Insurance Company under a prepetition policy of Directors & Officers Insurance;

3. The Case is early in the discovery stage;

4. The Trustee expects to conduct an auction of all of the assets of the estate on March 23, 2016 (the "Auction"). All of the documents, files, and computer/electronically stored information download from the Estate's Computers by the Trustee (collectively the "Material")

1 belonging to the Estate may be transferred to one or more buyers at that time. If the Material is not
2 transferred to a third party at that time, the Trustee may dispose of it;

3     5. A portion or all of the Material may relate to or bear on the issues in the Case.
4 MKERT and the Trustee desire to ensure that all of the Material is protected and preserved for the
5 benefit of the parties in the Law Suit;

6     6. In the event the Trustee is not able to sell the Material, it is clear it will be of
7 inconsequential value to the Estate. In addition, it would be costly and burdensome for the Estate
8 to store the Material;

9     **THEREFORE, IT IS AGREED AS FOLLOWS**,

10     1. The Trustee shall permit MKERT or its designee to collect and transport all the
11 Material (including a copy of the computer/electronically stored information download from the
12 Estate's Computers by the Trustee) to MKERT's offices located at 3636 N. Central Avenue, 11th
13 Floor, Phoenix, AZ 85012, for safe keeping as soon as practicable after the Court approves this
14 stipulation. Thereafter, MKERT will take custody and control of the Materials; provided,
15 however, that MKERT shall allow the purchaser of the assets of the estate (the "Purchaser") prior
16 to close of business March 31, 2016, to review the Materials at the MKERT office and allow the
17 Purchaser to remove and retain such Material as the Purchaser desires after MKERT makes copies
18 of any such Materials that MKERT determines may relate to or bear on the issues in the Case prior
19 to removal by the Purchaser.

20     2. The Trustee shall abandon, pursuant to 11 U.S.C. §554(a), all of the Material to
21 MKERT, not sold and transferred to another party, effective as of March 31, 2016 and, thereafter,
22 MKERT will take possession of and have sole custody and control of the Material as of March 31,
23 2016.

24     3. MKERT may make copies of all or any portion of the Material to provide to Axxess
25 pursuant to the Federal Rules of Civil Procedure;

26

1.     4.    Axxess shall have the right to obtain discovery pursuant to the Federal Rules of Civil Procedure of any non-privileged portion of the Material in the Case.

**Dated: March \_\_\_, 2016**

| **TIFFANY & BOSCO, P.A** | **MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP** |
|---|---|
| /s/ Christopher R. Kaup | /s/ Anthony Vitagliano |
| Christopher R. Kaup | Robert B. Zelms |
|  | Anthony S. Vitagliano |
| Camelback Esplanade II | 3636 N. Central Avenue, 11th Floor |
| 2525 E. Camelback Rd., Seventh Floor | Phoenix, AZ 85012 |
| Phoenix, AZ 85016 |  |
| *Counsel for the Trustee* | *Counsel for Clear Energy Systems, Inc. in Civil Action No.: 2:15-CV-01831-MHB* |

**FOREGOING** electronically filed with Bankruptcy Court on this \_\_\_ day of March, 2016; and

**COPIES** (Judge BKM) served by mail or email on this or the next business day to:

| | |
|---|---|
| Shelton L. Freeman | Clear Energy Systems, Inc. |
| Freeman Huber Law PLLC | 1245 W. Geneva Drive |
| 6909 E Main Street | Tempe, AZ 85282 |
| Scottsdale, AZ 85251 | *Debtor* |
| Email: bkfilings@flfaz.com | |
| *Attorneys for Debtor* | |
| | |
| Thomas A. Pitta, Esq. | William Scott Jenkins |
| Emmet, Marvin & Martin, LLP | Carl Kunz |
| 120 Broadway, 32nd Floor | Myers & Jenkins, P.C. |
| New York, New York 10271 | One East Camelback Road, Suite 500 |
| Email: tpitta@emmetmarvin.com | Phoenix, Arizona 85012 |
| *The Bank of New York Mellon* | Email: wsj@mjlegal.com |
| | Email: ckunz@morrisjames.com |
| | *Attorneys for DCT – AZ 2004 RN Portfolio U, LLC* |

| | | |
|---|---|---|
| 1 | William Novotny<br>Dickinson Wright PLLC | Randy J. Aoyama, Esq.<br>Michael R. Ayers, Esq. |
| 2 | 1850 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85004 | Hinshaw & Culbertson, LLP<br>2375 E. Camelback Road, Suite 750 |
| 3 | E-mail:<br>wnovotny@dickinsonwright.com | Phoenix, Arizona 85016<br>Email: raoyama@hinshawlaw.com |
| 4 | *Attorneys for Arizona Commerce* | Email: mayers@hinshawlaw.com |
| 5 | *Authority* | *Counsel for Westchester Fire Insurance Company* |
| 6 | Dale C Schian, Esq.<br>Schian Walker, P.L.C. | Dean C. Waldt, Esq.<br>Grant L. Cartwright, Esq. |
| 7 | 1850 North Central Avenue, #900<br>Phoenix, Arizona 85004-4531 | Ballard Spahr LLP<br>1 East Washington Street, Suite 2300 |
| 8 | E-mail: ecfdocket@swazlaw.com<br>*Attorneys for TEC International LLC* | Phoenix, AZ 85004-2555<br>Email: waldtd@ballardspahr.com |
| 9 | | Email: cartwrightg@ballardspahr.com<br>*Counsel for William J. Post* |
| 10 | | |
| 11 | Trevor J. Young, Esq.<br>Mulliken Weiner Berg & Jolivet P.C. | James S. Samuelson, Esq.<br>SACKS TIERNEY P.A. |
| 12 | 102 S. Tejon Street, Suite 900<br>Colorado Springs, Colorado 80903 | 4250 N. Drinkwater Boulevard, Fourth Floor<br>Scottsdale, Arizona 85251 |
| 13 | Email: young@mullikenlaw.com<br>*Attorneys for Axxess Energy, LLC* | Email: james.samuelson@sackstierney.com<br>*Attorneys for Axxess Energy, LLC* |
| 14 | | |
| 15 | Matthew A. Silverman<br>April J. Theis | Patty Chan |
| 16 | Christopher J. Dylla<br>Office of the Attorney General | Office Of The U.S. Trustee<br>230 North First Avenue, Suite 204 |
| 17 | 1275 West Washington Street<br>Phoenix, Arizona 85007-2926 | Phoenix, AZ 85003<br>Email: Patty.Chan@usdoj.gov |
| 18 | Email: matthew.silverman@azag.gov<br>Email: april.theis@azag.gov | *U.S. Trustee* |
| 19 | Email: christopher.dylla@azag.gov<br>*Attorneys for the State of Arizona* | |
| 20 | *ex rel. Arizona Department of Revenue* | |
| 21 | All email recipients as approved under<br>the Court's ORDER APPROVING | |
| 22 | ELECTRONIC SERVICE (Doc 164) | |
| 23 | By: /s/ Louis A. Lofredo | |