Christopher R. Kaup, State Bar No. 014820
Amy D. Sells, State Bar No. 024157

**TB  TIFFANY & BOSCO**
          P.A.

Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; llw@tblaw.com
*Attorneys for Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CLEAR ENERGY SYSTEMS, INC., | 2:14-BK-12716-BKM |
| Debtor. | **MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |

David Tiffany, the duly appointed Chapter 11 Trustee in this case, by and through undersigned counsel, seeks this Court's approval of the *Settlement Agreement and Release of Any and All Claims* attached hereto as <u>Exhibit A</u> (the "Settlement Agreement"), which resolves certain disputes between the Debtor Clear Energy Systems, Inc., Westchester Fire Insurance Company, and Axxess Energy LLC relating to *Axxess Energy LLC v. Clear Energy Systems, Inc.*, Civil Action No.: 2:15-cv-01831-MHB, U.S. District Court, District of Arizona (the "Lawsuit"). This Motion is fully supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTUAL BACKGROUND.**

1. On August 15, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. Also on August 15, 2014, this Court So Ordered a Stipulation between Axxess Energy LLC ("Axxess") and the Debtor granting Axxess relief from the automatic stay to commence the

Lawsuit against CES for recovery solely from a policy issued by Westchester Fire Insurance Company ("Westchester") to CES; Policy No. G24099283 004 for the period November 12, 2012 to November 12, 2013 (the "Policy"). [Doc. 205]

3. On September 14, 2015, Axxess filed a Complaint against the Debtor, commencing the Lawsuit.

4. The Complaint in the Lawsuit alleges that Axxess, Grand Creek Ranch Legacy Trust ("Grand Creek"), and VP, LLC ("VP") were induced to purchase common stock of CES for the total price of $3,000,000 as a result of misrepresentations concerning the operational viability of, and amount of purchase orders for, an engine being developed by CES. Subsequently, Axxess, Grand Creek, and VP learned of the misrepresentations and demanded rescission of their investments. CES refused. Grand Creek and VP assigned their rights, title, and interest in their stock to Axxess. The Complaint contains a single count sounding in negligent misrepresentation.

5. Westchester provided CES with a defense in the Lawsuit subject to a reservation of rights to deny coverage on various terms, conditions, and exclusions contained in the Policy.

6. On March 17, 2016, this Court So Ordered a Stipulation between Westchester and the Debtor, through the Trustee, granting relief from the automatic stay to permit Westchester to (1) advance Costs, Charges and Expenses incurred by the Debtor to defend the Lawsuit and (2) to use Policy proceeds to attempt to negotiate a settlement of the Lawsuit. [Doc. 334]

**The Settlement**

7. Counsel for the Trustee, the Debtor, Axxess, and Westchester seek Court approval of their Settlement Agreement which will resolve all claims in the Lawsuit pursuant to the following salient terms:

    A. Within 10 business days of the Bankruptcy Court's order approving the Settlement Agreement, Westchester shall pay the sum of $1,000,000.00 to Axxess on behalf of the Debtor in the form of a check payable to Axxess in care of Axxess' counsel (the "Settlement Payment").

B. Within 10 business days of Axxess' receipt and confirmation of the Settlement Payment: (i) the parties shall file a stipulation to dismiss the Lawsuit with prejudice; and (ii) Axxess shall withdraw any proofs of claim filed in the Bankruptcy.

C. Each party shall bear its own costs and attorneys' fees.

## II. BANKRUPTCY RULE 9019 AUTHORIZES THE COURT TO APPROVE THE SETTLEMENT AGREEMENT.

By this Motion, the Trust seeks an order under Bankruptcy Rule 9019 approving the terms of the Settlement Agreement. Bankruptcy Rule 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Under Bankruptcy Rule 9019, bankruptcy courts have the discretion to determine under the facts and circumstances of the case "whether the settlement is fair and equitable and in the best interest of the estate." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989), citing *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988), and *LaSalle Nat'l Bank v. Holland (In re American Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Edwards*, 1992 U.S. App. LEXIS 7606 (10th Cir. 1992).

In determining whether a settlement is fair and equitable, courts should consider: "(1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of the creditors in deference to their reasonable views." *Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). "[T]he court need not resolve all of these issues, but must only identify them 'so that the reasonableness of the settlement may be evaluated.'" *In re Western Pacific Airlines, Inc.*, 219 B.R. at 579, (quoting *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986)); *see also In re Pacific Gas & Electric Co.*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[i]t is not necessary to satisfy each of these factors provided that the factors as a whole favor approving settlement"); *see also Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972), *cert. denied* 409 U.S. 1039 (1972); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that

a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness); *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991) (if the compromise does not fall below the threshold of reasonableness, the settlement should be approved). Furthermore, the approval of a settlement is within the discretion of the bankruptcy court. *See In re Edwards*, 1992 U.S. App. LEXIS 7606 (10th Cir. 1992).

A debtor's (and in this instance the Trustee's) opinion that a settlement is reasonable is entitled to great weight. *See also In re Mickey Thompson Entertainment Group, Inc.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) ("a court generally gives deference to a trustee's business judgment in deciding whether to settle a matter"). Moreover, a court need not determine whether the parties' respective claims and defenses are valid or invalid to a legal certainty to approve a compromise. Instead, courts need only weigh the probable outcome against the disadvantages of protracted litigation:

> This court's role in approving any settlement under Rule 9019 is limited. Rather than an exhaustive investigation or a mini-trial on the merits, this court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable …. It has been held that the court's proper role is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.

*In re Pacific Gas & Electric Co.*, 304 B.R. at 417 (citations omitted). This is consistent with the policy favoring and encouraging settlements. *See Kaiser Steel*, 105 B.R. at 978 (bankruptcy policy is that "settlements should be favored"); *see also In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) ("The law favors compromise and not litigation for its own sake").

The Trustee believes that execution of this Settlement Agreement is in its best business judgment and that the interests of creditors are better served by the settlement of the Lawsuit in the manner and on the terms proposed in the Settlement Agreement rather than by expensive litigation with uncertain results.

Under these circumstances, Trustee submits that the Settlement Agreement meets the standards outlined above for the approval of settlements under Bankruptcy Rule 9019 and Section 105 of the Bankruptcy Code.

### III. CONCLUSION

For the above reasons, the Trustee respectfully requests that the Court: (a) approve the Settlement Agreement attached hereto as <u>Exhibit A</u>; (b) enter an order reflecting this approval substantially in the form attached hereto as <u>Exhibit B</u>; and (c) grant any additional relief the Court deems appropriate.

RESPECTFULLY SUBMITTED this 27th day of April, 2016.

**TIFFANY & BOSCO, P.A**

/s/ Christopher R. Kaup
Christopher R. Kaup
Amy D. Sells
Camelback Esplanade II
2525 E. Camelback Rd., Seventh Floor
Phoenix, AZ 85016
*Attorneys for the Trustee*

**FOREGOING** electronically filed with Bankruptcy Court on this 27th day of April, 2016; and
**COPIES** (Judge BKM) served by mail or email on this or the next business day to:

| | |
|---|---|
| Shelton L. Freeman | Clear Energy Systems, Inc. |
| Freeman Huber Law PLLC | 1245 W. Geneva Drive |
| 6909 E Main Street | Tempe, AZ 85282 |
| Scottsdale, AZ 85251 | *Debtor* |
| Email: bkfilings@flfaz.com | |
| *Attorneys for Debtor* | |
| | |
| Thomas A. Pitta, Esq. | William Scott Jenkins |
| Emmet, Marvin & Martin, LLP | Carl Kunz |
| 120 Broadway, 32nd Floor | Myers & Jenkins, P.C. |
| New York, New York 10271 | One East Camelback Road, Suite 500 |
| Email: tpitta@emmetmarvin.com | Phoenix, Arizona 85012 |
| *The Bank of New York Mellon* | Email: wsj@mjlegal.com |
| | Email: ckunz@morrisjames.com |
| | *Attorneys for DCT – AZ 2004 RN Portfolio U, LLC* |

| | |
|---|---|
| William Novotny<br>Dickinson Wright PLLC<br>1850 North Central Avenue, Suite 1400<br>Phoenix, Arizona 85004<br>E-mail: wnovotny@dickinsonwright.com<br>*Attorneys for Arizona Commerce Authority* | Randy J. Aoyama, Esq.<br>Michael R. Ayers, Esq.<br>Hinshaw & Culbertson, LLP<br>2375 E. Camelback Road, Suite 750<br>Phoenix, Arizona 85016<br>Email: raoyama@hinshawlaw.com<br>Email: mayers@hinshawlaw.com<br>*Counsel for Westchester Fire Insurance Company* |
| Dale C Schian, Esq.<br>Schian Walker, P.L.C.<br>1850 North Central Avenue, #900<br>Phoenix, Arizona 85004-4531<br>E-mail: ecfdocket@swazlaw.com<br>*Attorneys for TEC International LLC* | Dean C. Waldt, Esq.<br>Grant L. Cartwright, Esq.<br>Ballard Spahr LLP<br>1 East Washington Street, Suite 2300<br>Phoenix, AZ 85004-2555<br>Email: waldtd@ballardspahr.com<br>Email: cartwrightg@ballardspahr.com<br>*Counsel for William J. Post* |
| Trevor J. Young, Esq.<br>Mulliken Weiner Berg & Jolivet P.C.<br>102 S. Tejon Street, Suite 900<br>Colorado Springs, Colorado 80903<br>Email: young@mullikenlaw.com<br>*Attorneys for Axxess Energy, LLC* | James S. Samuelson, Esq.<br>SACKS TIERNEY P.A.<br>4250 N. Drinkwater Boulevard, Fourth Floor<br>Scottsdale, Arizona 85251<br>Email: james.samuelson@sackstierney.com<br>*Attorneys for Axxess Energy, LLC* |
| Matthew A. Silverman<br>April J. Theis<br>Christopher J. Dylla<br>Office of the Attorney General<br>1275 West Washington Street<br>Phoenix, Arizona 85007-2926<br>Email: matthew.silverman@azag.gov<br>Email: april.theis@azag.gov<br>Email: christopher.dylla@azag.gov<br>*Attorneys for the State of Arizona<br>ex rel. Arizona Department of Revenue* | Patty Chan<br>Office Of The U.S. Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003<br>Email: Patty.Chan@usdoj.gov<br>*U.S. Trustee* |

All email recipients as approved under the Court's ORDER APPROVING ELECTRONIC SERVICE (Doc 164)

By: /s/ Louis A. Lofredo

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF ANY AND ALL CLAIMS

*(Caution – Read Before Signing)*

This Settlement Agreement and Release of any and all claims (hereinafter "Agreement") is entered into by and among AXXESS ENERGY, LLC, on behalf of itself and as assignee of Grand Creek Ranch Legacy Trust and assignee of VP, Limited Liability Company (collectively referred to herein as "AXXESS"); CLEAR ENERGY SYSTEMS, INC. ("CES"), as the Debtor, in a Chapter 11 case entitled In re Clear Energy Systems, Inc., Case No. 2:14-BK-12716-BKM, pending in the United States Bankruptcy Court for the District of Arizona; and WESTCHESTER FIRE INSURANCE COMPANY ("WESTCHESTER") (the foregoing hereinafter collectively referred to as the "Parties" and each of the Parties individually as a "Party").

### 1. RECITALS.

WHEREAS, AXXESS has asserted certain claims and allegations of wrongdoing against CES and its former officers and directors (the "Claims") arising out of Axxess Energy, LLC's, Grand Creek Ranch Legacy Trust's and VP, Limited Liability Company's purchase of CES common stock, warrants and other interests in CES (collectively, the "Stock Purchases"), pursuant to the Stock Purchase Agreement ("SPA"), Subscription Agreements, and Warrants (collectively, the Agreements and Transactions") referred to in and the subject of the SPA, and AXXESS' Complaint (the "Complaint") in its lawsuit in the United States District Court for the District of Arizona, Case No. 2:15-cv-01831-DJH (the "Lawsuit");

WHEREAS, CES has contested the Lawsuit, and denies all claims asserted therein;

WHEREAS, WESTCHESTER is CES' insurer in connection with ACE Express Private Company Management Indemnity Policy No. G24099283 004 (the "D&O Policy");

WHEREAS, the Parties have agreed to settle the Lawsuit and any and all claims, known or unknown, related to or arising out of the Stock Purchases and/or the Agreements and Transactions, including without limitation, the Claims and any other claims that could have been brought regarding the Stock Purchases and/or the Agreements and Transactions; and

NOW, THEREFORE, in consideration of the mutual promises and covenants provided herein, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

### 2. SETTLEMENT TERMS.

**2.1** This Settlement Agreement shall be immediately effective and enforceable when an order of the Bankruptcy Court approving the Settlement Agreement is entered and becomes a final and non-appealable order (the "Settlement Effective Date"). The form of order approving the Settlement Agreement shall be in form and substance reasonably acceptable to the Parties.

**2.2** WESTCHESTER shall pay the sum of One Million Dollars ($1,000,000.00) (the "Settlement Payment") in good funds to AXXESS, on behalf of CES. Payment shall be made in the form of a check payable to AXXESS ENERGY, LLC (Tax ID #27-4297929) sent to and in care of

AXXESS's counsel, Trevor J. Young at Mulliken Weiner Berg & Jolivet P.C., 102 South Tejon Street, Suite 900, Colorado Springs, Colorado 80903, on behalf of and for the benefit of AXXESS. AXXESS shall provide a W-9 form simultaneously with the submission of a signed copy of this Settlement Agreement to WESTCHESTER. The Settlement Payment shall be delivered to AXXESS within ten (10) business days of the Settlement Effective Date.

**2.3** Within ten (10) business days of Axxess' receipt and confirmation of the Settlement Payment being made in good funds, the Parties shall file a stipulation to dismiss the Lawsuit with prejudice. Each party shall bear its own costs and attorneys' fees. AXXESS hereby also agrees to withdraw any proofs of claim filed in the Bankruptcy case within ten (10) business days of its receipt and confirmation of the Settlement Payment being made in good funds.

**2.4** The Parties authorize their attorneys to execute stipulations and such other documents as may be necessary to obtain Bankruptcy Court approval of this Agreement, to dismiss the Lawsuit with prejudice, and to accomplish the intent of this Agreement.

**2.5** AXXESS and CES mutually and irrevocably waive and release each other and their respective insurers (including without limitation, WESTCHESTER), affiliated companies, parents, subsidiaries, directors, members, officers, employees, agents, representatives, attorneys, successors, assigns, heirs, administrators, and all other persons, firms, corporations or entities, whether known or unknown, liable or who might be claimed to be liable, from any and all claims, civil, administrative or otherwise, demands, claims, or causes of action, on account of all damages or injuries, arising out of, related to, or which could have arisen out of the Stock Purchases and/or the Agreements and Transactions, including without limitation, the Lawsuit, the Claims, and any other claims that could have been brought regarding the Stock Purchases and/or the Agreements and Transactions, and all subsequent events, whether known or unknown, foreseen or unforeseen, fixed or contingent, and all consequences thereof, which have resulted or may in the future result from matters raised, or which exist, were raised or could have been raised, in a lawsuit regarding the Stock Purchases and/or the Agreements and Transactions. This Release includes a release and waiver of all such claims regardless as to whether the claim arises in TORT, CONTRACT, or EQUITY. This Release includes a release and waiver of all claims, damages, losses, expenses attributable to bodily injury, sickness, disease, death or injury to, impairment, or destruction of property, including losses of use resulting therefrom, or caused by, any acts, errors, mistakes, omissions, related to the Stock Purchases and/or the Agreements and Transactions, including without limitation, the Lawsuit, the Claims, and any other claims that could have been brought regarding the Stock Purchases and/or the Agreements and Transactions. Notwithstanding the foregoing, the Parties maintain the right to enforce claims for breach of this Agreement.

**2.6** CES, on behalf of itself, the Debtor's Estate, all past, present, and future directors, officers, shareholders, employees, parents, subsidiaries, affiliates, successors, successors-in-interest, agents, attorneys, solicitors, and assigns, and any persons acting by, through, under, or in concert with them or any of them (collectively, the "Insured Releasors"), hereby remise, release, forever discharge and covenant not to sue WESTCHESTER, and each of its parents, subsidiaries, shareholders, affiliates, reinsurers, directors, officers, employees, agents, representatives, attorneys, solicitors, successors and assigns (the "Insurer Releasees") of and from any and all claims, liabilities, damages, attorneys' fees, costs, causes of action, and demands, known or unknown, contractual or extra-contractual, of any kind or character

whatsoever, including without limitation, any claim for compensatory, punitive, extra-contractual, or other damages or relief, and any claim alleging "bad faith," breach of the duty of good faith and fair dealing, unfair claims handling, unfair trade practices, unfair insurance practices, breach of fiduciary duty, any duty to investigate, indemnify or settle, or any other alleged wrongdoing or breach of duty that the Insured Releasors now have, or claim to have, or have had, resulting from, relating to, in consequence of, arising from, or in any way involving the Stock Purchases and/or the Agreements and Transactions, including without limitation the Lawsuit, the Claims, and any other claims that could have been brought regarding the Stock Purchases and/or the Agreements and Transactions.

**2.7** The Releases set forth in paragraphs 2.5 and 2.6 include all injuries and damages of the Parties including without limitation claims for economic damages, non-economic damages, loss of consortium, net accumulations, mental pain and suffering, interest, costs, loss of earnings, unjust enrichment, personal injury claims, equitable claims, lien claims, loss of profits, delay, all incidental and consequential damages, past, present and future damages, interest, costs, litigation expenses, attorney's fees, indemnity claims, contribution claims, subrogation claims, fiduciary claims, contract claims, and liens.

**2.8** The Parties understand and represent that the injuries and damages sustained by them and released herein are or may be permanent and progressive in nature, and in executing this Agreement they rely wholly upon their own judgment, belief, and knowledge of the nature, extent, effect and duration of said damages and not upon any representation by any other party, or the Releasees.

**2.9** **THE PARTIES TO THIS AGREEMENT UNDERSTAND AND AGREE THAT THIS AGREEMENT IS MADE IN COMPROMISE OF DISPUTED CLAIMS, THAT ALL PARTIES TO THIS AGREEMENT DENY ANY AND ALL LIABILITY FOR SUCH CLAIMS, AND THAT NEITHER THE SETTLEMENT NOR THIS AGREEMENT SHALL BE CONSTRUED AS AN ADMISSION OF LIABILITY ON THE PART OF ANY PARTY OR ITS AGENTS, MEMBERS, PARTNERS, EMPLOYEES OR FORMER EMPLOYEES. THE PARTIES TO THIS AGREEMENT FURTHER AGREE THAT NOTHING CONTAINED IN THIS AGREEMENT SHALL BE CONSTRUED IN ANY MANNER AS AN ADMISSION BY ANY PARTY THAT IT, OR ANY AGENT, MEMBER, PARTNER, EMPLOYEE OR FORMER EMPLOYEE OF THAT PARTY, VIOLATED ANY STATUTE, LAW, OR REGULATION, OR ENGAGED IN THE CONDUCT ALLEGED IN THE LAWSUIT.**

3. **WARRANTIES AND REPRESENTATIONS.**

**3.1** The Parties warrant and represent that they have investigated to their complete satisfaction all claims and all facts, circumstances, and allegations arising out of the subject matter of the Claims and the Lawsuit, and that they have knowingly and voluntarily agreed to enter into this Agreement despite the possibility that their decision may have been materially affected by claims or by facts, circumstances, or allegations which they erroneously believe to be true or which they do not know or have reason to know for any reason, including without limitation, ignorance, mistake, inadvertence, neglect, negligence, fraud, fraudulent inducement, or intentional misconduct of any party or non-party or any attorney, expert, consultant, representative, or agent of any party or non-party.

**3.2** The Parties warrant and represent that they have fully read this Agreement, that they have fully discussed all the terms, conditions, and consequences of this Agreement with attorneys of their own choice, that they have freely and without reservation relied upon the advice of their attorneys in entering this Agreement, and that they therefore completely understand and voluntarily accept all the terms, conditions, and consequences of this Agreement.

**3.3** The Parties warrant, represent, and agree that this Agreement has been entered into in good faith with each side having conducted its own investigation.

**3.4** The Parties warrant and represent that no promise or inducement has been offered, made, or accepted by anyone in connection with this Agreement except for the mutual covenants expressly set forth herein, and that they have accepted and executed this Agreement without reliance upon any statements, claims, or representations made by the Releasees or their attorneys, consultants, representatives, or agents.

**3.5** The Parties acknowledge that they have had equal opportunity to participate in the drafting of this Agreement. Therefore, in any construction of this Agreement, the Parties agree and understand that this Agreement shall not be construed against any Party on the basis of authorship. This Agreement shall not be construed according to any rules governing interpretation of insurance policies.

**3.6** Each of the Parties represents and warrants that they have not assigned or transferred or purported to assign or transfer to any person or entity all or any part of any interest in any claim, contention, demand, cause of action (at law or in equity), debt, lien, agreement, note, obligation, or liability of any nature, character, or description whatsoever that is or that purports to be released or discharged by this Settlement Agreement.

**3.7** All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the approval of this Settlement Agreement by the Bankruptcy Court and the dismissal of the Lawsuit.

**4. MISCELLANEOUS.**

**4.1** Each Party shall be responsible for paying its own attorneys' fees and costs arising out of or relating to the Lawsuit and the Bankruptcy case. This provision shall not be construed as limiting the Parties' rights against each other for breach of any of the provisions of this Agreement.

**4.2** This instrument contains the entire Agreement among the Parties and no part of this Agreement shall be modified, amended or waived in any respect, except by a written instrument executed by all the Parties.

**4.3** This Agreement shall bind and inure to the benefit of all the Parties including without limitation each Party's officers, directors, members, shareholders, parents, subsidiaries, affiliates, partners, trustees, beneficiaries, employees, representatives, insurers, agents, attorneys, executors, administrators, personal representatives, spouses, heirs, successors, assigns, and any person or entity acting on behalf of each Party.

**4.4** This Agreement shall be construed and interpreted in accordance with the laws of the State of Arizona in effect on the date of this Agreement without regard to Arizona's conflict of laws principles, and that jurisdiction and venue shall be proper and exclusive to the United States District Court for the District of Arizona.

**4.5** If any provision of this Agreement shall be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not be affected or impaired thereby.

**4.6** The Parties represent and warrant that the persons executing this Agreement are legally authorized to execute this Agreement.

**4.7** This Agreement may be signed in as many counterparts as may be convenient. Upon execution of one or more copies by each Party, the copies, so executed (even if each Party does not sign the same copy), shall constitute the original executed Agreement. Facsimile and electronic PDF signatures shall be effective as an original.

The Parties understand and agree that this Settlement Agreement shall be effective as of the date of the last signature.

AXXESS ENERGY, LLC, on behalf of itself and as assignee of Grand Creek Ranch Legacy Trust and assignee of VP, Limited Liability Company

Date: 4-21-16  By: _____
John K. Coors, Managing Member

SUBSCRIBED AND SWORN TO before me
by **John K. Coors**, on this 21st day
of April, 2016.

_____
Notary Public

DENISE ANN TIBERI
Notary Public
State of Colorado
Notary ID 19914001112
My Commission Expires Jan 23, 2019

My Commission Expires: January 23, 2019

[Remainder of Page Left Blank Intentionally]

CLEAR ENERGY SYSTEMS, INC.

Date: 4/20/16    By: _____
                     Jack Rasor, Sole Director

SUBSCRIBED AND SWORN TO before me by **Jack Rasor** on this 20th day of April, 2016.

_____
Notary Public

My Commission Expires: 6/16/2016

**OFFICIAL SEAL**
**MONICA PANZA**
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm Expires June 16, 2016

Date: _____    By: _____
                         David Tiffany, Chapter 11 Bankruptcy Trustee

SUBSCRIBED AND SWORN TO before me by **David Tiffany** on this _____ day of _____, 2016.

_____
Notary Public

My Commission Expires: _____

WESTCHESTER FIRE INSURANCE COMPANY

Date: _____    By: _____

SUBSCRIBED AND SWORN TO before me by _____ on this _____ day of _____, 2016.

_____
Notary Public

My Commission Expires: _____

26479904\1

Page 6 of 6

**CLEAR ENERGY SYSTEMS, INC.**

Date: _____ By: _____
                                                    **Jack Rasor, Sole Director**

SUBSCRIBED AND SWORN TO before me
by **Jack Rasor** on this _____ day
of _____, 2016.


_____
Notary Public

My Commission Expires: _____


Date: 4/20/16 By: _____
                                               **David Tiffany, Chapter 11 Bankruptcy Trustee**

SUBSCRIBED AND SWORN TO before me
by **David Tiffany** on this 20th day
of April, 2016.

_____
Notary Public

My Commission Expires: 1/31/2020

*[Notary Seal: MICHAEL J LOWINGER, NOTARY PUBLIC, MARICOPA COUNTY, ARIZONA, COM. EXP. 01/31/2020]*

**WESTCHESTER FIRE INSURANCE COMPANY**

Date: _____ By: _____

SUBSCRIBED AND SWORN TO before me
by _____ on this _____ day
of _____, 2016.


_____
Notary Public

My Commission Expires: _____

26479904\1

Page 6 of 6

**CLEAR ENERGY SYSTEMS, INC.**

Date: _____ By: _____
Jack Rasor, Sole Director

SUBSCRIBED AND SWORN TO before me
by **Jack Rasor** on this _____ day
of _____, 2016.


_____
Notary Public

My Commission Expires: _____


Date: _____ By: _____
David Tiffany, Chapter 11 Bankruptcy Trustee

SUBSCRIBED AND SWORN TO before me
by **David Tiffany** on this _____ day
of _____, 2016.


_____
Notary Public

My Commission Expires: _____

**WESTCHESTER FIRE INSURANCE COMPANY**

Date: 4/21/16 By: *[signature]*

SUBSCRIBED AND SWORN TO before me
by Linda Weeks on this 21st day
of April, 2016.

*[signature]*
Notary Public

My Commission Expires: **Mary M Holly**
NOTARY PUBLIC
Fulton County, GEORGIA
My Commission Expires 8/12/2018

26479904.1

Page 6 of 6

# Exhibit B

| | |
|---|---|
| 1 | Christopher R. Kaup, State Bar No. 014820 |
| 2 | Amy D. Sells, State Bar No. 024157 |

**TB TIFFANY & BOSCO**
P.A.

Seventh Floor, Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-Mail: crk@tblaw.com; ads@tblaw.com
*Attorneys for Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CLEAR ENERGY SYSTEMS, INC., | 2:14-BK-12716-BKM |
| Debtor. | **ORDER APPROVING RULE 9019 SETTLEMENT AGREEMENT** |

The Court, having reviewed the *Motion for Approval of Settlement Agreement* (the "Motion")(Doc 354) for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to approve the settlement agreement attached to the Motion as Exhibit A (the "Settlement Agreement") between the Debtor Clear Energy Systems, Inc., Westchester Fire Insurance Company, and Axxess Energy LLC relating to *Axxess Energy LLC v. Clear Energy Systems, Inc.*, Civil Action No.: 2:15-cv-01831-MHB, U.S. District Court, District of Arizona; this Court having core jurisdiction over this matter; it appearing that proper and adequate notice of the Motion has been given to all parties in interest and that no other or further notice is necessary; the Court having considered the Motion, and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is granted.

**IT IS FURTHER ORDERED** that the Settlement Agreement, and all of the terms and conditions thereof, are hereby approved in all respects.

**IT IS FURTHER ORDERED** that each party shall bear its own attorney's fees and costs.

**IT IS FURTHER ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall become effective immediately upon its entry.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**DATED AND SIGNED ABOVE.**